IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 11-cv-00361-WJM

LYNN EUGENE SCOTT,

 Applicant,

v.

WARDEN OF THE BUENA VISTA CORRECTIONAL FACILITY,

 Respondent.

---

ORDER DISMISSING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

---

  This matter is before the Court on Petitioner Lynn Eugene Scott's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition") challenging the validity of a February 2008 prison disciplinary conviction that resulted in the postponement of his reparole date. Respondent filed a Response to Order to Show Cause and the Petitioner was given an opportunity to file a Traverse. Also pending are Petitioner's Motion for Judgment on the Pleadings [Dkt. #17], Petitioner's Motion to Amend [Doc. #18], and Respondent's Motion to Dismiss Matter as Moot [Dkt. #20]. Having considered the same, the Court concludes that the Petition must be dismissed for lack of subject matter jurisdiction.

**I. Background**

  Petitioner was convicted in Colorado state court of two separate drug counts and was sentenced on March 24, 2000 to ten years of imprisonment with the Colorado Department of Corrections (DOC), plus a period of mandatory parole pursuant to

statute.  *See* Motion to Dismiss, Affidavit of Mary Carlson, Ex. A, at ¶ 4, and attchs. 1, 2. In May 2004, he was sentenced for a conviction on two charges of escape to six months imprisonment and a two-year period of parole.  *Id.* at ¶ 4, and attch. 3.  On June 19, 2006, the Colorado Board of Parole granted Petitioner early release to parole.  Carlson Aff., at ¶ 5, and attchs. 4, 5.  The mandatory five-year parole period was ordered to commence April 11, 2007 in Denver.  *Id.*  On July 3, 2007, a parole complaint was filed, alleging that Petitioner committed numerous violations of his parole agreement, including absconding from parole supervision.  *Id.*, at ¶ 6.  On July 9, 2007, the Parole Board found Petitioner guilty of absconding and other violations and ordered Petitioner's parole revoked for 180 days.  *Id.* at ¶ 7, attch. 7.  Petitioner was returned to the DOC to serve the revocation.  *Id.*  Petitioner's reparole date was scheduled for January 5, 2008.  *Id.* at ¶ 8.

On October 19, 2007, Petitioner was convicted of a class II Code of Penal Discipline (COPD) infraction for advocating a facility disruption at Sterling Correctional Facility (SCF).  Carlson Aff., ¶ 9.  In a hearing held on November 14, 2007, the Parole Board rescinded Petitioner's January 5, 2008 reparole date and ordered that the period of revocation be extended 180 days.   *Id.*, and attchs. 8, 9.  Petitioner's reparole date was continued to May 12, 2008.  *Id.*, ¶ 10.

On February 19, 2008, Petitioner was convicted of a class II COPD infraction for possession of another offender's legal document at SCF.  Carlson Aff., ¶ 11.  In a hearing held on March 11, 2008, the Parole Board rescinded Petitioner's May 12, 2008 reparole date and ordered that the period of revocation be extended 150 days from the

date of the hearing.  *Id.*, and attchs. 10, 11.  Petitioner's reparole date was readjusted to August 5, 2008.  *Id.* at ¶ 12.

Petitioner was reparoled on August 5, 2008.  Carlson Aff., at ¶ 13, and attches. 12, 13.  On September 12, 2008, a parole complaint was filed against Petitioner, alleging several violations of the parole agreement, including absconding from parole supervision.  *Id.* at ¶ 14, and attch. 14.  Following a November 20, 2008 hearing, the Parole Board found Petitioner guilty of several parole violations and revoked his parole to the DOC for the remainder of the term.  *Id.* at ¶ 15, and attch. 15.  Petitioner was returned to the DOC on November 24, 2008 to serve his parole revocation period.  *Id.*  His estimated discharge date is May 3, 2012.  *Id.* at ¶ 16.

## II.     Standard of Review

The Court must construe the Petition and other papers filed by Petitioner liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, the Court should not be an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters.").  A district court is only authorized to issue the writ of habeas corpus when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  An application for habeas relief

may be granted only "when the remedy requested would result in the prisoner's immediate or speedier release from . . . confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Petitioner challenges his February 19, 2008 prison disciplinary conviction for possession of another offender's legal document as violative of his rights under the Fourteenth Amendment Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (setting forth due process requirements in prison disciplinary proceedings); *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (holding that requirements of due process are satisfied if some evidence supports prison disciplinary decision). He does not seek any specific relief.

Respondent does not assert the affirmative defenses of timeliness or failure to exhaust state court remedies. *See* Dkt. #10. Respondent argues, however, that the Petition should be dismissed as moot.

### III. Analysis

#### A. Mootness

The Court must address the issue of mootness before reaching the merits of Petitioner's claim. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). To satisfy this case or controversy requirement, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quotation omitted). Put simply, "[a]n issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever'

on that issue to a prevailing party." *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir.2004) (quoting *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001)).  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

In this habeas proceeding, Petitioner challenges the constitutionality of his April 2008 disciplinary conviction which caused the Parole Board to postpone his reparole date for several months.  However, once Petitioner was reparoled on August 5, 2008, he no longer had a redressable injury arising from the postponement.  The Court cannot shorten the period of the postponement because it was terminated by Petitioner's reparole.  As such, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have . . . . [t]hat is not enough to satisfy Article III." *Rhodes v. Judiscak*, ___ F.3d ___, 2011 WL 3134731, at *3 (10th Cir. July 27, 2011).  Petitioner therefore must establish the existence of continuing "collateral consequences" as a result of the postponement to demonstrate a live case or controversy.  *See Spencer*, 523 U.S. at 7-8 (holding that when a petitioner challenges a parole revocation but has completed the sentence imposed upon revocation, the petitioner bears the burden of demonstrating the existence of actual collateral consequences resulting from the revocation")*; see also Vandenberg v. Rodgers,* 801 F.2d 377, 377-78 (10th Cir.1986) (dismissing habeas petition as moot where petitioner challenged determinations that delayed his parole date, but petitioner was released on parole at time of appeal)*.*

Petitioner counters that the Petition is not moot because he is still serving a term of mandatory parole on his state court sentence. Petitioner maintains that he should have been released from DOC custody on his state sentences in March 2008 and his current detention, therefore, is illegal. *See* Motion for Judgment on the Pleadings, at 3-5; Motion to Amend, at 4-8. This argument is wide of the mark. The Petition challenges the execution of Petitioner's sentence as it was affected by his February 1998 prison disciplinary conviction–i.e., the postponement of his reparole from May 12, 2008 to August 5, 2008. The Petition does not assert any constitutional or federal statutory claims concerning the execution of Petitioner's sentence following his reparole in August 2008 and his subsequent reincarceration in November 2008. And such concerns are not "collateral consequences" of the postponement of his reparole in 2008. *See Spencer*, 523 U.S. at 15-16 (recognizing that the possibility a prisoner may violate the law upon his release from state confinement "does not constitute a sufficient collateral consequence to defeat mootness"). Because Petitioner does not articulate any continuing "collateral consequences" as a result of the postponement of his reparole from January to May 2008, he fails to present a case or controversy for purposes of Article III. *See generally id.*, at 14-17 (rejecting petitioner's asserted injuries attributable to parole revocation).

Not to be deterred, Petitioner seeks leave to amend his Petition to assert an additional claim disputing the legality of his present confinement. A claim challenging Petitioner's present incarceration is not moot. The Court therefore will address the merits of Petitioner's request below.

    **B.**    **Motion to Amend**

Petitioner has filed a Motion for Judgment on the Pleadings [Dkt. #17] and a related Motion to Amend (the Motion for Judgment on the Pleadings) [Doc. #18] in which he asserts that his current incarceration is illegal because he has already served the ten-and-a-half-year sentence imposed by the state court. Petitioner contends the Colorado Parole Board has imposed a new sentence by incarcerating him for the term of his mandatory parole, in violation of due process. The Court construes Petitioner's motions liberally and together as requesting permission to amend his Petition to assert an additional claim challenging the lawfulness of his present incarceration. The request to amend will be denied because Petitioner failed to exhaust state remedies before seeking federal habeas relief.

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Petitioner alleges that he filed a petition for habeas corpus relief in Chaffee County District Court Case No. 09cv88 on August 9, 2009, asserting that his present incarceration violates his Fourteenth Amendment due process rights. Response to Motion to Dismiss as Moot, at 10. Petitioner further alleges that the state district court denied his habeas petition in an August 25, 2009 Minute Order. *Id.* Petitioner then filed an amended habeas petition, which was denied by the state district court on September 18, 2009. *Id.* Instead of filing a direct appeal with the Colorado Supreme Court pursuant to COLO. REV. STAT. § 13-4-102(1)(e) (2008), Petitioner sought discretionary relief with the Colorado Supreme Court in a motion filed pursuant to Colo. R. App. P. 21. *Id.* The Colorado Supreme Court denied Petitioner's Rule 21 motion on December 21, 2009. *Id.* On April 14, 2010, Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, in *Lynn E. Scott v. Green, Warden of B.V.C.C.*, Civil Action No. 10-cv-00881-ZLW. Petitioner argued that his confinement exceeded the sentence of imprisonment imposed by the state trial court. That action was dismissed for Petitioner's failure to exhaust state remedies. (Dkt. #7). Petitioner's challenge to his present detention fails on exhaustion grounds for the same reasons detailed in the Order of Dismissal in Civil Action No. 10-cv-00881-ZLW. The Court therefore finds that allowing Petitioner leave to amend his Petition to assert a claim challenging the legality of his current imprisonment would be futile.

Accordingly, it is ordered:

1. Petitioner's Motion for Judgment on the Pleadings [Dkt. #17] and Motion to Amend [Dkt. #18], which the Court construes liberally and together as a

        motion to amend the Petition to assert a claim challenging the legality of Petitioner's present incarceration, are denied.

2.    Respondent's Motion to Dismiss Matter as Moot [Dkt. #30] is GRANTED.

3.    Petitioner Lynn Eugene Scott's Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied for lack of subject matter jurisdiction.

4.    No certificate of appealability will issue because Petitioner has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the petition states a valid claim of the denial of a constitutional right.

5.    This case is dismissed without prejudice.

Dated this 25th day of August, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge