IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 11-cv-00361-WJM

LYNN EUGENE SCOTT,

    Applicant,

v.

WARDEN OF THE BUENA VISTA CORRECTIONAL FACILITY,

    Respondent.

---

**ORDER DENYING MOTION FOR RECONSIDERATION
AND REQUEST TO AMEND**

---

Applicant, Lynne Eugene Scott, a Colorado state prisoner, filed *pro se* a Motion for Reconsideration (Doc. No. 24) on September 2, 2011.  Mr. Scott asks the Court to reconsider the July 25, 2011 Order Dismissing his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and to allow him to amend the Application.  The Court must construe Applicant's filings liberally because Mr. Scott is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Motion for Reconsideration and the request to amend will be denied for the reasons stated below.

The Court first addresses Mr. Scott's Motion for Reconsideration.  A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.

1991).  Mr. Scott filed the Motion for Reconsideration within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action.  The Court, therefore, finds that the Motion for Reconsideration is filed pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon review of the motion for reconsideration and the entire file, the Court concludes that Mr. Scott fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Scott filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of a February 2008 prison disciplinary conviction that resulted in the postponement of his reparole date from May 12, 2008 to August 5, 2008.  Respondents move to dismiss the Application as moot.  On August 25, 2011, the Court entered an Order dismissing the § 2241 Application for lack of subject matter jurisdiction.  The Court agreed with Respondents that the Application was moot because there was no effectual relief the Court could grant on Petitioner's claim.  *See United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) (quoting *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001)).  The Court determined that once Applicant was reparoled in August 2008, he no longer had a redressable injury arising from the postponement.  To present a live case or controversy for purposes of Article III, Mr. Scott therefore was compelled to articulate continuing "collateral consequences" of the

postponed reparole date.  *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).  He failed to do so and the Court dismissed his Application.

Mr. Scott now moves for reconsideration of the Court's dismissal order, but he does not demonstrate an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Instead, Applicant raises the same arguments that were rejected by the Court previously.

Mr. Scott also argues that his constitutional challenge to the February 2008 prison disciplinary proceeding is not moot because if the Court were to declare the prison disciplinary conviction invalid and order it expunged, he could then proceed against prison officials under 42 U.S.C. § 1983 without running afoul of *Heck* v. *Humphrey*, 512 U.S. 477, 486-87 (1994).   This argument lacks merit.  The federal district court is authorized to issue the writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (an application for habeas relief may be granted only "when the remedy requested would result in the prisoner's immediate or speedier release from . . . confinement."). The writ of habeas corpus does not lie to provide an aggrieved prisoner with a viable civil rights suit against prison officials.

Accordingly, the Motion for Reconsideration will be denied because Mr. Scott has not asserted any of the major grounds that would justify reconsideration in his case. *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. Scott also seeks leave to amend his § 2241 Application to assert a new claim that the Colorado Department of Corrections is refusing to apply good time credits against his sentence, which has resulted in a longer term of incarceration than authorized under state law, in violation of his Fourteenth Amendment due process rights.  *See* Motion for Reconsideration, at 5-6.  Applicant represents that he has exhausted state court remedies for this claim as of August 2, 2011.  *Id.*  Because the proposed amended claim is much broader than the limited claim asserted in the Application, and there are no timeliness concerns at this time, the Court will deny the motion to amend without prejudice.  Mr. Scott may initiate a new civil action and file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting his proposed amended claim.   Accordingly, it is

ORDERED that the Motion for Reconsideration (Doc. No. 24), filed on September 2, 2011, is DENIED.   It is

FURTHER ORDERED that Mr. Scott's request for leave to amend (Doc. No. 24), filed on September 2, 2011, is DENIED.   It is

FURTHER ORDERED that Mr. Scott may obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

Dated this 9th day of September, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge